IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY
CAMDEN DIVISION

| | |
|---|---|
| FIRSTLINE NATIONAL INSURANCE COMPANY,<br>200 North Main Street<br>Bel Air, MD 21014<br>Plaintiff,<br><br>vs.<br><br>LANDIS PIG ROAST, LLC,<br>623 E. Landis Avenue<br>Vineland, NJ 08360<br>And<br>DENNIS COSBY<br>1123 Chestnut Avenue<br>Vineland, NJ 08360<br>And<br>EUGENE COSBY<br>1123 Chestnut Avenue<br>Vineland, NJ 08360<br>And<br>**(CONTINUED ON NEXT PAGE)**<br><br>Defendants. | Civil Action<br><br><br><br><br>No.<br><br>DECLARATORY JUDGMENT<br>COMPLAINT |

Louis Niedelman, Esquire
Attorney Identification No: 254601969
COOPER LEVENSON, P.A.
1125 Atlantic Avenue, 3rd Floor
Atlantic City, NJ 08401
File No. 60696.10
Attorneys for Plaintiff Firstline National Insurance Company

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY
CAMDEN DIVISION

| | | |
|---|---|---|
| FIRSTLINE NATIONAL  INSURANCE COMPANY,<br>200 North Main Street<br>Bel Air, MD 21014<br>　　　　　Plaintiff, | : | Civil Action |
| | : | |
| vs. | : No. |
| | : | |
| TERRY R. MAYES<br>221 Laurel Street<br>Vineland, NJ 08360<br>And<br>ZIGGY DOBKOWSKI<br>242 Mystic Drive<br>Egg Harbor Township, NJ 08234<br>And<br>DIANE DOBKOWSKI<br>242 Mystic Drive<br>Egg Harbor Township, NJ 08234<br>And<br>RAHEEM McCLENDON<br>619 East Landis Avenue<br>Vineland, NJ 08360<br><br>　　　　　Defendants. | : | DECLARATORY JUDGMENT<br>COMPLAINT |

Louis Niedelman, Esquire
Attorney Identification No: 254601969
COOPER LEVENSON, P.A.
1125 Atlantic Avenue, 3rd Floor
Atlantic City, NJ 08401
File No. 60696.10
Attorneys for Plaintiff  Firstline National Insurance Company

## COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. SECTIONS 2201 AND 2202

Plaintiff Firstline National Insurance Company(hereinafter referred to as "Firstline") is an insurance company domiciled in the State of Maryland with an address of 200 North Main Street, Bel Air, MD 21014, and in support of its Declaratory Judgment Complaint alleges as follows:

## JURISDICTION AND PARTIES

1.      The Federal Rules of Civil Procedure expressly authorize Declaratory Judgments by the adoption of the Declaratory Judgments Act, 28 U.S.C. § 2201, Federal Courts have jurisdiction to decide coverage issues under an insurance contract.

2.      Pursuant to 28 U.S.C. § 1332 this Court has diversity jurisdiction.

3.      Plaintiff Firstline is an insurance company duly authorized by the Department of Insurance to issue insurance policies in the State of New Jersey and has its principal place of business located at 200 North Main Street, Bel Air, MD 21014.

4.      Defendant Landis Pig Roast, LLC, is a limited liability company domiciled in the State of New Jersey and is listed in their Firstline  insurance policy as doing business at  623 E. Landis Avenue, Vineland, New Jersey 08360.

5.      Defendant Dennis Cosby is an adult individual residing at 1123 East Chestnut Avenue, Apt. A-17, Vineland, New Jersey 08360.

6.      Defendant Eugene Cosby is an adult individual residing at 1123 East Chestnut Avenue, Apt. A-17, Vineland, New Jersey 08360.

7.      Defendant Terry R. Mayes, is an adult individual residing at 221 Laurel Street, Vineland, New Jersey 08360.

8.      Defendant Ziggy Dobkowski, is an adult individual residing at 242 Mystic Drive, Egg Harbor Township, New Jersey 08234.

9.      Defendant Diane Dobkowski is an adult individual residing at 242 Mystic Drive, Egg Harbor Township, New Jersey 08234.

10.     Defendant Raheem McClendon is an adult individual, who, to the best of Plaintiff's knowledge, resides in the State of New Jersey, and leased premises at the address of 619 East Landis Avenue, Vineland, New Jersey 08360.

11.     The amount in controversy exceeds $75,000.00.

12.     The present action involves a claim for declaratory relief by Firstline arising out of a request for a defense and indemnity made to Firstline by its insureds, Landis Pig Roast, LLC,  Ziggy Dobkowski, and Diane Dobkowski("the insured") under a Business Owners policy having policy number 8171734, which policy was in full force and effect on April 21, 2017, a true and correct copy of which application, policy and declaration pages are collectively attached as Exhibit A.

13.     The liability limits of the Firstline policy issued under policy number 8171734 is one million dollars($1,000,000.00).

14.     There is currently a pending action venued in the Superior Court of New Jersey, Law Division, Cumberland County, No. CUM-L-00403-17, entitled Cosby, et al v. Z & D Realty, LLC, et al., a true and correct copy of which Third Amended Complaint is attached as Exhibit B.

## FACTS

15.     Defendants Dennis Cosby, Defendant Eugene Cosby and Defendant Terry R.
Mayes have made personal injury claims against co-defendants Landis Pig Roast, LLC, Ziggy
Dobkowski, Diane Dobkowski and Raheem McClendon. See Exhibit B.

16.     According to the Cosby Complaint, on or about April 21, 2017 Defendants
Dennis Cosby, Defendant Eugene Cosby and Defendant Terry R. Mayes were on the premises
known as Grant Plaza, at 619 East Landis Avenue, Vineland, Cumberland County, State of New
Jersey attending a party, and suffered injuries from gunshots when they were attacked by an
unknown assailant/or assailants.

17.     Plaintiff issued this insurance policy to Landis Pig Roast, LLC for premises
located at 623 East Landis Avenue in Vineland, Cumberland County, State of New Jersey.
These premises were characterized as a "restaurant." See Exhibit A. This insurance policy was
issued based upon representations that were false, misleading and fraudulent as perpetrated by
Defendants Landis Pig Roast, LLC, Ziggy Dobkowski, and Diane Dobkowski.  Plaintiff relied
upon these representations to its detriment.

18.     The underlying lawsuit(See Exhibit B) claims that the premises where this
incident occurred was known as "Grant Plaza" with an address of 619 East Landis Avenue. This
incident occurred during and following a party that involved an admission price, security guards,
and alcohol service.  "Grant Plaza" was leased for this purpose by Defendant Raheem
McClendon.

19.     Plaintiff did not intend to issue any coverage protection to Defendants Landis Pig
Roast, LLC, Ziggy Dobkowski, or Diane Dobkowski for any of the above activities at an address
different than 623 East Landis Avenue, Vineland, New Jersey or for a contracted party at a
location known as "Grant Plaza" where there were security guards, alcohol service and an

admission price. Approximately 500 to 600 people were in attendance at this party. Plaintiff, in fact, issued its insurance coverage for 623 East Landis Avenue, Vineland, New Jersey characterized by Defendants Landis Pig Roast, LLC, Ziggy Dobkowski, and Diane Dobkowski as a "restaurant."

20.     Plaintiff also asserts multiple exclusions, endorsements and conditions within the policy that serve to deny any insurance coverage to Defendants Landis Pig Roast, LLC, Ziggy Dobkowski, and Diane Dobkowski.

## COUNT I
## FRAUD AND MISREPRESENTATION

21.     Plaintiff incorporates by reference all allegations set forth in the Complaint as if set forth fully herein.

22.     The property located at 619 East Landis Avenue and/or Grant Plaza was never listed in the Firstline Insurance Policy.

23.     The Plaintiff would not have insured the property located at 623 East Landis Avenue, New Jersey, or "Grant Plaza" had it known that the insureds leased any premises for a 500 to 600 person party with alcohol service, security guards and an admission price.

## COUNT II
## FRAUD IN THE INDUCEMENT

24.     Plaintiff incorporates by reference all allegations set forth in the Complaint as if set forth fully herein.

25.     The elements of fraud in the inducement are as follows: "'(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying

6

on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance."

26.     The insured Defendants represented that the property and premises at 623 East Landis Avenue, Vineland, New Jersey 08360 was to be used as a "restaurant." and did not disclose that it or any non-insured adjacent properties owned by them were being leased for parties where alcohol was being served, where there were security guards, where 500 to 600 people attended and where there was an admission price.

27.     The insured Defendants were aware of their actions because the applicable liquor license was issued in the name of the insured Defendants.

28.     The insured Defendants  did not disclose the actual and intended use of the property and premises at 619 or 623 East Landis Avenue, Vineland, New Jersey  knowing that Plaintiff would not issue coverage for same.

29.     Plaintiff had relied upon the representations of the insured Defendants prior to issuing the subject policy of insurance.

30.     Plaintiff relied to their substantial detriment upon the misrepresentations of the insured Defendants .

31.     Plaintiff would not have issued the subject policy if the insured Defendants had disclosed that the property was being used as a banquet, catering hall, or party venue where there were security guards, where alcohol was served, where 500 to 600 people attended and where there was an admission price.

## COUNT III
## BREACH OF WARRANTY OF DEALING IN GOOD FAITH

32.     Plaintiff incorporates by reference all allegations set forth in the Complaint as if set forth fully herein.

33.     The insured Defendants' written application and words to Plaintiff constituted an implied promise to provide information that was true and correct.

34.     The insured Defendants breached that promise without good cause and in bad faith and as a direct and proximate result of the Defendants' breach, the Plaintiff may suffer damages from the underlying pending action in New Jersey State Court. See Exhibit A.

35.     The breach by the insured Defendants of their promise, which was willful, reckless and/or grossly negligent, was attended by such malice, insult, and abuse that it constitutes an independent tort.

## COUNT IV
## RESCISSION OF THE CONTRACT

36.     Plaintiff incorporates by reference all allegations set forth in the Complaint as if set forth fully herein.

37.     In addition to and/or in the alternative to the declaratory relief being sought in the nature of a declaratory judgment Plaintiff seeks a rescission of the subject insurance policy based upon the insured Defendants misrepresentations and fraudulent conduct in failing to disclose and intentionally withholding information regarding the actual use of the subject property and premises.

## CLAIMS FOR RELIEF

38.     Plaintiff incorporates by reference all allegations set forth in the Complaint as if set forth fully herein.

39.     The underlying state court action alleges that personal injuries were caused to the Plaintiffs as the result of negligent security, assault and battery, negligent hiring, service of

alcohol to unknown intoxicated individuals, in addition to other intentional torts and negligence-based causes of action all occurring at 619 East Landis Avenue, Vineland, New Jersey. See Exhibit A. Defendants Landis Pig Roast, LLC, Ziggy Dobkowski and Diane Dobkowski provided notice of the underlying action to Firstline and demanded that it provide a defense and indemnification for the claims.

40.     Upon information and belief Firstline denies that it owes any insurance coverage to Defendant Landis Pig Roast, LLC, Ziggy Dobkowski and Diane Dobkowski for these claims under the Firstline policy.

41.     There is an actual and existing controversy among the parties concerning insurance coverage to Defendant Landis Pig Roast, LLC, Ziggy Dobkowski and Diane Dobkowski in the underlying action and the Plaintiffs who have also been named as Defendants herein.

42.     Pursuant to the clear language and the terms, provisions, conditions, exclusions and limitations of Firstline's insurance policy, Firstline is entitled to a declaration that Firstline owes no duty of coverage or defense in the underlying state court action.

WHEREFORE, Plaintiff Firstline respectfully requests that the Court:

a.     Declare that Firstline has no duty to defend Landis Pig Roast, LLC, Ziggy Dobkowski and Diane Dobkowski in connection with the underlying action state court action, Superior Court of New Jersey, Law Division, Cumberland County, No. CUM-L-00403-17, entitled Cosby,et al v. Z & D Realty, LLC, et al.;

b.     Declare that Firstline has the right to withdraw immediately from any defense of Landis Pig Roast, LLC, Ziggy Dobkowski and Diane Dobkowski in the underlying

action state court action, Superior Court of New Jersey, Law Division, Cumberland County, No. CUM-L-00403-17, entitled <u>Cosby, et al v. Z & D Realty, LLC, et al.</u>;

      c.     Declare that Firstline owes no obligation to indemnify any of the above defendant parties in the underlying action state court action, Superior Court of New Jersey, Law Division, Cumberland County, No. CUM-L-00403-17, entitled <u>Cosby, et al v. Z & D Realty, LLC, et al.</u>;

      e.     Declare that the Firstline policy owes no coverage to Landis Pig Roast, LLC, Ziggy Dobkowski and Diane Dobkowski and demands the right to reimbursement of attorney fees and costs paid to date;

      f.     Declare that this Firstline policy is rescinded.

COOPER LEVENSON, P.A.

Dated: 1-25-19

By: _____
      LOUIS NIEDELMAN, ESQUIRE

CLAC 4588633.1

10